Filed 7/11/14  P. v. Cooper CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060216 |
| v. | (Super.Ct.No. SWF1300565) |
| GARY CURTIS COOPER, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Angel M. Bermudez, Judge.  Affirmed.

Frank J. Torrano, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I

# INTRODUCTION

On January 15, 2013, a felony complaint charged defendant and appellant Gary Curtis Cooper with: receiving stolen property under Penal Code[1] section 496, subdivision (a) (counts 1, 5, 8); possession of ammunition by a felon under section 30305, subdivision (a) (count 2); possession of methamphetamine under Health and Safety Code section 11377, subdivision (a) (counts 3, 6); residential burglary under section 459 (counts 4, 9, 12); sale of methamphetamine under Health and Safety Code section 11379, subdivision (a) (count 7); firearm theft under section 487, subdivision (d) (count 10); and firearm possession by a felon or addicted person under section 29800, subdivision (a) (count 11). The complaint also charged arming allegations, on-bail allegations, and enhancements for prior prison terms, prior serious felony offenses, prior serious and violent felony offenses, and prior drug offenses under sections 667, subdivisions (a), (b), (c), (e); 667.5, subdivisions (b), (c)(21); 1170.12, subdivision (c)(2)(A); 12022.1; and Health and Safety Code section 11370.2, subdivision (c).

On June 14, 2013, defendant waived his right to a preliminary hearing and pled guilty to possession of ammunition by a felon under section 30305, subdivision (a) (count 2); and two counts of residential burglary under section 459 (counts 4, 9). Defendant also admitted one serious felony strike under section 667; and a one-year prior prison term enhancement under section 667.5, subdivision (b). Defendant waived his right to an

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

appeal, "save for representation issues." In exchange, the prosecution dismissed all remaining allegations. The parties agreed to a stipulated term of 27 years in prison.

On July 26, 2013, defendant moved to withdraw his guilty pleas. The court held a confidential hearing on the motion. (*People v. Marsden* (1970) 2 Cal.3d 118; *People v. Sanchez* (2011) 53 Cal.4th 80.) At the end of the hearing, the court declined to appoint new defense counsel and implicitly denied the motion to withdraw the guilty pleas.

Thereafter, immediately following this hearing, defense counsel informed the trial court that she did not believe that defendant understood the nature and consequence of the proceedings, and she asked for appointment of a doctor to evaluate defendant. The court then declared doubt as to defendant's mental competence and appointed Dr. Oshrin to evaluate him. The court then suspended criminal proceedings in accordance with section 1368.

On August 28, 2013, the court considered the sealed report wherein Dr. Oshrin opined that defendant was "presently not competent." The prosecutor questioned the basis of the doctor's report and moved for appointment of a second doctor. The court denied the prosecution's motion and stated that criminal proceedings remained suspended.

On September 19, 2013, the trial court appointed Dr. Kaisch to examine defendant, pursuant to counsel's stipulation for a second doctor. Proceedings remained suspended under section 1368.

On October 17, 2013, the trial court considered Dr. Kaisch's report and the conclusion that defendant was competent. Thereafter, the court appointed a third doctor, Dr. Suiter, and criminal proceedings remained suspended. Dr. Suiter reported that he was unable to render an opinion because defendant declined to be interviewed by him.

At the competency hearing on November 26, 2013, after considering the three doctors' reports, the court found defendant competent and reinstated criminal proceedings. On December 6, 2013, the trial court imposed the stipulated 27-year sentence and awarded defendant 657 days of presentence credit. That same day, defendant signed a notice of appeal challenging the validity of the plea and requested a certificate of probable cause. The trial court denied the request, and deemed the notice of appeal as "received but not filed" and "inoperative." As a result, neither the notice of appeal nor the request for certificate of probable cause became part of the trial court file or the record on appeal.[2]

Thereafter, defendant filed another notice of appeal on December 12, 2013, appealing from the judgment in pro per. On December 24, 2013, appellate counsel filed a timely amended notice of appeal challenging the sentence or other matters not affecting the validity of the plea.

---

[2]    The notice of appeal received on December 6, 2013, was provided as Exhibit R to defendant's petition for writ of mandate in *Cooper v. Superior Court*, case No. E060904, which we denied on April 18, 2014. On May 21, 2014, we granted defendant's request to take judicial notice of the record in the writ and directed the clerk of this court to place the record in case No. E060904 with the record in this case.

On April 7, 2014, appellate counsel filed a petition for writ of mandate or other appropriate relief seeking to compel the trial court to issue a certificate of probable cause. We denied the petition on April 18, 2014. (*Cooper v. Superior Court*, case No. E060904.) Defendant filed a petition for review of our order with the California Supreme Court, which was denied. (*Cooper v. Superior Court*, case No. S218068.)

## II

## STATEMENT OF FACTS

Defendant admitted the facts stated in the complaint as to the counts on which he pled guilty, and the allegations he admitted as part of the plea agreement.

## III

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

# IV

# DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____

J.

We concur:

McKINSTER _____

      Acting P. J.

CODRINGTON _____

          J.